FRANCIS REIDBAUGH *v.* A. P. GROVER.

[Abstract Kentucky Law Reporter, Vol. 2—223.]

**Demand Before Suit.**

No demand before beginning a suit on an obligation for money payable on demand is necessary; the summons itself is a sufficient demand.

**Separate Execution of Instrument by Wife.**

When at the time a wife acknowledges a mortgage she is out of sight of her husband and far enough out of the way to be out of his hearing, it is a sufficient compliance of the statute requiring that she should be examined separate and apart from her husband.

APPEAL FROM OWEN CIRCUIT COURT.

February 10, 1881.

OPINION BY JUDGE COFER:

No demand is necessary before commencing suit on an obligation for money payable on demand; the summons is all the demand

that is necessary. See authorities quoted in Barbour's Digest, Title "Demand", § 24.

At the time the mortgage was acknowledged by the appellant she was, according to the testimony of the deputy clerk, out of sight, and far enough out of the way to be out of hearing of her husband when the mortgage was acknowledged. This was a compliance with the statute, notwithstanding she and her husband may have been in the same building or even in the same room at the time. The reason for requiring the wife to be examined separate and apart from her husband, as far as we are able to see any reason at all for it, is that the mere presence of the husband may induce the wife to sign and acknowledge a deed she is really unwilling to execute. This purpose is as well subserved by separating them so far apart that the husband can not hear what passes between the feme and the clerk, as if they were separated by a wall and even by the distance of one or ten miles.

The evidence does not sustain the charge of fraud, and the judgment must be *affirmed*.

*J. & J. W. Rodman, for appellant.*

*Lillard & Hallam, A. P. Grover, for appellee.*